JEFFREY L. GRUWELL, Defendant Below-Appellant,
v.
STATE OF DELAWARE, Plaintiff Below-Appellee.
No. 137, 2008.
Supreme Court of Delaware.
Submitted: November 7, 2008.
Decided: December 12, 2008.
Before STEELE, Chief Justice, HOLLAND and BERGER, Justices

ORDER
RANDY J. HOLLAND, Justice.
This 12th day of December 2008, upon consideration of the appellant's brief filed pursuant to Supreme Court Rule 26(c), his attorney's motion to withdraw, and the State's response thereto, it appears to the Court that:
(1) The defendant-appellant, Jeffrey L. Gruwell, pleaded guilty to Burglary in the Second Degree and Felony Theft, and admitted to three violations of probation ("VOPs"). On the burglary conviction, he was sentenced to six years at Level V, to be suspended after two years, and successful completion of the Greentree Program, for decreasing levels of supervision. Gruwell also was ordered to pay restitution to the victim of the crime in the amount of $5,054.62. On the theft conviction, he was sentenced to two years at Level V, to be suspended for probation. He was discharged from the VOPs as unimproved. This is Gruwell's direct appeal.
(2) Gruwell's counsel has filed a brief and a motion to withdraw pursuant to Rule 26(c). The standard and scope of review applicable to the consideration of a motion to withdraw and an accompanying brief under Rule 26(c) is twofold: (a) the Court must be satisfied that counsel has made a conscientious examination of the record and the law for claims that arguably could support the appeal; and (b) the Court must conduct its own review of the record and determine whether the appeal is so totally devoid of at least arguably appealable issues that it can be decided without an adversary presentation.[1]
(3) Gruwell's counsel asserts that, based upon a careful and complete examination of the record, there are no arguably appealable issues. By letter, Gruwell's counsel informed Gruwell of the provisions of Rule 26(c) and provided him with a copy of the motion to withdraw, the accompanying brief and the complete transcript. Gruwell also was informed of his right to supplement his attorney's presentation. Gruwell responded with a brief that raises two issues for this Court's consideration. The State has responded to the position taken by Gruwell's counsel as well as the issues raised by Gruwell and has moved to affirm the Superior Court's judgment.
(4) Gruwell raises two issues for this Court's consideration. He claims that: a) the prosecutor's sentencing recommendation violated the terms of his plea agreement; and b) the amount of restitution ordered by the Superior Court is incorrect.
(5) The record reflects that Gruwell's written plea agreement originally contained a sentencing recommendation, but that it had been crossed out in its entirety before the agreement was signed. The transcript of the plea colloquy reflects that, in accordance with the written plea agreement, the prosecutor made no sentencing recommendation and requested only that the Superior Court order a presentence investigation, payment of restitution to the victim in the amount of $6,905, no contact with the victim, substance abuse evaluation and treatment, and TASC supervision. The Superior Court judge explained to Gruwell that he was not bound by any sentence recommendation the prosecutor might make at the sentencing hearing and that Gruwell could be sentenced to the statutory maximums, which he outlined in detail for Gruwell. Gruwell confirmed that no one had made him any promises as to what his sentences would be. Defense counsel reserved his right to question the amount of restitution recommended by the prosecutor.
(6) The transcript of the sentencing hearing reflects that defense counsel recommended a sentence of two to three years at Level V. The prosecutor noted that Gruwell was eligible for sentencing as a habitual offender, but conceded that she had neglected to file a motion to declare Gruwell a habitual offender. On the theft conviction, the prosecutor recommended a sentence of two years at Level V, to be suspended for probation. On the burglary conviction, the prosecutor recommended a sentence of five years at Level V, to be suspended after two years and completion of the Key Program for decreasing levels of supervision. Gruwell objected to that recommendation on the ground that it violated the plea agreement.[2]
(7) The transcript of the sentencing hearing also reflects that the prosecutor asked the Superior Court to order restitution in the amount of $5,054.62, based on documentation received from the burglary victim since the plea hearing. Gruwell objected to that amount on the ground that he was not responsible for taking all of the items the victim had reported stolen. The Superior Court judge suggested that a hearing on restitution could be held in the future, if needed. Defense counsel conceded that he had no proof that the amount requested by the prosecutor was incorrect. The record does not reflect that defense counsel has ever requested a hearing on the issue of restitution.
(8) The record in this case does not support either of Gruwell's claims. First, the written plea agreement and the transcript of the plea colloquy both confirm that the State did not recommend any particular Level V term as part of its plea agreement with Gruwell. As such, Gruwell's claim that the State's sentence recommendation breached the plea agreement is without merit. Second, although at the plea hearing Gruwell's counsel reserved his right to question the amount of restitution the State claimed was owed, at the sentencing hearing he presented no evidence to counter the State's claim that $5,054.62 was owed. Nor has he ever requested a hearing on that issue. As such, we conclude that there was no error or abuse of discretion on the part of the Superior Court in ordering restitution in the amount requested by the State.
(9) This Court has reviewed the record carefully and has concluded that Gruwell's appeal is wholly without merit and devoid of any arguably appealable issue. We also are satisfied that Gruwell's attorney has made a conscientious effort to examine the record and has properly determined that Gruwell could not raise a meritorious claim in this appeal.
NOW, THEREFORE, IT IS ORDERED that the State's motion to affirm is GRANTED. The judgment of the Superior Court is AFFIRMED.
The motion to withdraw is moot.
NOTES
[1] Penson v. Ohio, 488 U.S. 75, 83 (1988); McCoy v. Court of Appeals of Wisconsin, 486 U.S. 429, 442 (1988); Anders v. California, 386 U.S. 738, 744 (1967).
[2] Gruwell contended that the prosecutor originally had offered to recommend one year at Level V. The prosecutor agreed, but pointed out that Gruwell had rejected that offer.